IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**SHERMAN KEMP,**
      **Petitioner,**

v.                                           **Civil Action No. 3:18-CV-190**
                                                            **(GROH)**

**FREDERICK ENTZEL,**
      **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On November 26, 2018, the pro se Petitioner, Sherman Kemp, filed a petition for the writ of habeas corpus ("the first petition") pursuant to 28 U.S.C. § 2241. ECF No. 1[1]. After the first petition was filed, Petitioner filed another § 2241 petition ("the second petition") which was filed in a separate case. 3:19-CV-198, ECF No. 1. On February 15, 2019, Petitioner filed the Court-approved form for his second petition. 3:19-CV-198, ECF No. 12. On July 9, 2019, the Court consolidated the two cases. ECF No. 7. Petitioner is challenging the validity of his conviction and sentence imposed in the United States District Court for the District of Maryland.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

---

[1] All ECF Numbers cited herein are for case number 3:18-CV-190, except where otherwise noted.

1

## II. FACTUAL AND PROCEDURAL HISTORY[2]

### A. Conviction and Sentence

On July 17, 2008, in the United States District Court for the District of Maryland, Petitioner entered a guilty plea, pursuant to a written plea agreement, to Counts 1 through 4 of the indictment. ECF Nos. 71, 74. The four-count indictment charged Petitioner with: in Count 1, conspiracy to distribute over five kilograms of cocaine, in violation of 21 U.S.C. § 846; in Count 2, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); in Count 3, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and in Count 4, possession with intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. § 842(a)(1), and 18 U.S.C. § 2. ECF No. 74 at 2, 8 – 9.

On October 10, 2008, Petitioner was sentenced to 120 months as to Count 1, to 60 months as to Count 2 to run consecutively to all other counts, and to 87 months as to both Counts 3 and 4, with those two 87-month sentences to run concurrently with all other counts, for an aggregate term of imprisonment of 180 months. ECF No. 76 at 2.

### B. Appeal and Post-Conviction Attempts at Relief

A review of PACER and the docket in Petitioner's criminal case shows that Petitioner did not file a direct appeal with the Fourth Circuit Court of Appeals on his conviction[3] in Maryland.

---

[2] The facts in Sections II.A. and II.B. are taken from the Petitioner's criminal Case No. 1:07-CR-295 in the United States District Court for the District of Maryland, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] Petitioner was also convicted of another drug trafficking offense in the Eastern District of Pennsylvania case number 07-CR-549. Petitioner later appealed that conviction in Third Circuit Court of

Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 on June 16, 2009. ECF No. 79. The motion to vacate was dismissed[4] without prejudice on March 26, 2010. ECF Nos. 86, 87. On July 22, 2010, Petitioner filed a notice of appeal of the denial of his motion to vacate. ECF No. 89. The Fourth Circuit dismissed the appeal by unpublished per curiam opinion issue October 27, 2010, on the basis that the notice of appeal was not timely filed. ECF No. 94 at 3, 5.

### C. Instant § 2241 Claims

In his § 2241 petition filed in 3:18-CV-190 ("the first petition"), Petitioner asserted that his "conviction to § 924(c) violates [his] right to an indictment under the Fifth Amendment" as his sole ground for relief. ECF No. 1 at 5. Petitioner argues that his indictment "sets forth that the firearm was possessed in furtherance of two different drug crimes. . . [t]herefore, the exact elements of [his] § 924(c) offense cannot be determined," thereby violating his Fifth Amendment rights. Id. In his petition filed in 3:18-CV-198 ("the second petition"), Petitioner claims that "[b]ased on § 846, [he is] no longer a career offender and [is] entitled to relief under Wheeler." 3:18-CV-198, ECF No. 12 at 5. Petitioner argues that his "plea under Rule 11(c)(1)(C) [resulted in] a career offender designation. The enhancement was based on § 846 qualifying as a controlled substance offense. § 846 does not qualify as a controlled substance, and [he is] no longer a career offender." Id.

---

Appeals, docket number 09-3196, alleging his double jeopardy rights were violated based on his prior Maryland conviction. However, the Third Circuit affirmed his conviction in Pennsylvania, finding that Petitioner failed to make a non-frivolous showing of double jeopardy.

[4] The memorandum filed by the court noted that Kemp made no direct appeal and therefore had procedurally defaulted. ECF No. 86 at 2.

3

In his first petition, Petitioner requests that the Court vacate his conviction and sentence for the 924(c) offense. ECF No. 1 at 8. In his second petition, Petitioner requested relief as follows: "Kemp presents this claim that his sentence and conviction are defective and he is entitled to relief under the Savings Clause." 3:18-CV-198, ECF No. 12 at 8.

In the memorandum attached to his first petition, Petitioner further moves for appointment of counsel and for an evidentiary hearing. ECF No. 1-1 at 4.

### III. LEGAL STANDARD

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing § 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards that formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails

to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## IV. ANALYSIS

Although Petitioner indicates in both his first petition and second petition that he is challenging both his conviction and sentence, it appears that the first petition, which alleges a Constitutional violation based on his § 924(c) conviction, concerns the conviction, and the second petition, which alleges that his sentence was improperly enhanced under the career offender provision, concerns the sentence.

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

5

execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "[H]abeas petitions are traditionally brought to challenge 'the very fact or duration of [ ] physical imprisonment, and the relief that the petitioner seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment. Wilborn v. Mansukhani, __ Fed. Appx. __ (4th Cir. 2019), 2019 WL 5856427, *4, quoting Preiser v. Rodriguez, 411 U.S. 475 (1973). Examples of an appropriate use of § 2241 include challenging the execution of sentence, including the computation of any remaining term. Gonzalez- Alicea v. Saad, 761 F. App'x 168, 170 (4th Cir. 2019) (citing Fontanez v. O'Brien, 807 F.3d 84, 86-87 (4th Cir. 2015)). It has also been recognized that § 2241 can be used for "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2)

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.   The date on which the judgment of conviction becomes final;

the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

Petitioner did not directly appeal his District of Maryland conviction or sentence. Moreover, in his first § 2255 petition filed in District of Maryland, the court found that Petitioner was time-barred from seeking relief under § 2255. D.Md. 1:07-CR-295, ECF No. 86. Failure to take a direct appeal or file a timely § 2255 motion, does not make § 2255 inadequate or ineffective in order to trigger the savings clause under § 2255(e). Petitioner requests that his procedural default be excused "based on a miscarriage of justice." ECF No. 1 at 9. Further, Petitioner argues, without citing to any authority, that "the savings clause's primary purpose is to prevent a fundamental miscarriage of justice." ECF No. 1-1 at 3. Notwithstanding his failure to appeal his conviction and sentence, and his argument to excuse his procedural default, it is clear that Petitioner is not entitled to application of the savings clause.

### A. Petitioner's Challenge to his Conviction

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

---

b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

It his first petition for relief under § 2241,[7] it appears Petitioner is attempting to satisfy the savings clause in order to argue actual innocence.[8] For the reasons discussed herein, Petitioner's argument must fail. In the instant case, even if Petitioner satisfied the first and the third elements of Jones, he cannot meet either of the two clauses of the second prong of Jones. First, there must be a substantive change in the law after prisoner's direct appeal and first § 2255 motion. As Petitioner did not file a direct appeal, he cannot meet the first clause of the second prong of Jones. Second, the crimes for which Petitioner was convicted—conspiracy to distribute more than 5 kilograms of cocaine, possession of a firearm in furtherance of a drug trafficking crime, being a felon in possession of a firearm, and possession with intent to distribute more than 500 grams

---

[7] See Bousey v. United States, 523 U.S. 614, 623 (1998) In order to 'open the portal' to a section 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of section 2255. Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

[8] Petitioner does not use the term "actual innocence" of § 924(c) in his claim for relief, but asserts that he was improperly convicted because there are alternative methods of committing the offense, and that the elements of the offense of conviction are unclear as to which method was used. It is that ambiguity which Petitioner claims invalidates his conviction for only that offense.

of cocaine—remain criminal offenses. Accordingly, Petitioner cannot meet the second clause of the second prong of Jones.

Although Petitioner argues that a "material change in the statutory range" under § 924(c) renders his plea unconstitutional [ECF No. 1-1 at 4], this appears to be a fundamental misreading of the requirement that there be a substantive change in the law which invalidates his conviction under § 924(c). The change in the law must be a change to the statute, not a change in how Petitioner's sentence is impacted by the statute.

Moreover, the only portion of § 924(c) which has been invalidation is subparagraph § 924(c)(3)(B). Petitioner's crime of conviction was not predicated on § 924(c)(3)(B) as relates to crimes of violence, but rather on § 924(c)(2) as relates to drug trafficking crimes. Accordingly, there has been no change in the law such that the conduct of which the prisoner was convicted is deemed not to be criminal, and thus Petitioner still cannot meet the second clause of the second prong of Jones.

Because Petitioner cannot satisfy either clause of the second element of Jones, he cannot satisfy the savings clause in order to pursue a challenge of his conviction under § 2241.

### B. Petitioner's Challenge to his Sentence

In United States v. Wheeler, 886 F. 3d 415, 419 (4th Cir. 2018), the Fourth Circuit ruled that a prisoner may use § 2255's savings clause to challenge not just an unlawful conviction, but also a defective sentence. Specifically, the Fourth Circuit ruled that a § 2255 is inadequate or ineffective to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

>   (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
>   (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
>   (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429. The Fourth Circuit further specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

The Court reviews Petitioner's challenge to his conspiracy sentence, imposed under 21 U.S.C. § 846, under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, Petitioner fails to meet the second prong of the Wheeler test, which has three clauses. One, after Petitioner's direct appeal and first § 2255 motion, two, the substantive law must change, and three, that change must be deemed to apply retroactively on collateral review. It is clear that Petitioner has not filed a direct appeal, and thus he does not meet the first clause of the second prong of Wheeler. Further, Petitioner cannot meet either the second or third clauses of the second prong of Wheeler.

Petitioner cites to the unpublished per curiam opinion issued in United States v. Whitley, 737 Fed. Appx. 147 (4th Cir. 2018), to support[9] his claim. However, as the

---

[9] Liberally construed, Petitioner appears to claim that his sentence was improper because he was sentenced under the mandatory Guidelines. Petitioner asserts that his sentencing range was "mandatory upon the court . . . [as] a product of the erroneous career offender designation, which equates to Lester's mandatory guideline range," and that "even under the advisory guidelines, an erroneous classification to

10

Whitley opinion clearly states, "unpublished opinions are not binding precedent" in the Fourth Circuit. Id. Moreover, even if Whitley were binding precedent, the facts are distinguishable from Petitioner's case. In Whitley, the Fourth Circuit invalidated a career offender enhancement based on a prior conviction of conspiracy under 21 U.S.C. § 846. Petitioner was convicted of conspiracy under § 846 and a 120-month sentence was imposed based on the conviction for conspiracy. Petitioner's sentence was not enhanced based on any prior conviction for conspiracy, as occurred in Whitley. Therefore, Petitioner fails to satisfy the second clause of the second prong of the Wheeler test.

Third, even if Whitley were binding precedent, which the opinion clearly states it is not, the ruling has not been made retroactive on collateral review. Further, Whitley does not represent a substantive change in the law. The substantive law under 21 U.S.C. § 846 has not changed and there is nothing to apply retroactively on collateral review. Accordingly, Petitioner has failed to satisfy the third clause of the second prong of the

---

the career offender provision constitutes a fundamental defect grave enough to warrant relief under Wheeler." ECF No. 12-1 at 3. However, Petitioner's sentence was imposed in 2008, under the advisory guidelines dictated by United States v. Booker, 543 U.S. 220 (2005), thus any assertion that Petitioner was sentenced under the mandatory guidelines is misguided. Further, at his plea entry, the court advised Petitioner that the sentencing guidelines were no longer mandatory. D.Md. 1:07-CR-295, ECF No. 74 at 14:5 – 12.

Additionally, Petitioner appears to use the term "career offender designation" to refer to his conviction under the Armed Career Criminal Act, 18 U.S.C. § 924. However, a career offender designation is determined under § 4B1.1 of the United States Sentencing Guidelines. Petitioner's aggregate sentence was 180 months, and nothing in the docket or pleadings suggests he was sentenced as a Guidelines career offender. Under Guidelines § 4B1.1(c)(2), if Petitioner was sentenced as a career offender, his Guideline range would have been the greater of:
- (A) The guideline range that results by adding the mandatory minimum consecutive penalty required by the 18 U.S.C. § 924(c) [ ] count to the minimum and the maximum of the otherwise applicable guideline range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c) [ ] and
- (B) the guideline range determined using the table in subsection (c)(3).

The table in subsection (c)(3) contemplates a minimum range sentence of 262 – 327 months with a 3-level reduction. Petitioner's 180-month sentence is far outside that minimum range, and confirms that he was not sentenced as a career offender under the Guidelines.

Wheeler test. As Petitioner cannot satisfy the second requirement of Wheeler, the undersigned need not address the third and fourth prongs of Wheeler.

Petitioner's claims raised under § 2241 seek relief that is instead properly considered under § 2255. Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition. Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S. Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition in 3:18-CV-190 [ECF No. 1] and the claims raised in his petition filed in 3:18-CV-198, be **DENIED and DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that Petitioner's motions for counsel and an evidentiary hearing contained within his memorandum of law [ECF No. 1-1 at 4] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed

ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to timely file written objections to the Recommendation set forth above will result in waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED**:** February 3, 2020

/s/  *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE